IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02484-BNB

DAWANE ARTHUR MALLETT,

    Applicant,

v.

DAVID B. BERKEBILE, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Dawane Arthur Mallett, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Mallett initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On September 13, 2013, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On October 4, 2013, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus (ECF No. 10) arguing that this action should be dismissed for failure to exhaust administrative remedies. On October 17, 2013, Mr. Mallett filed a reply (ECF No. 11) to the Preliminary Response.

The Court must construe the papers filed by Mr. Mallett liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Mallett claims that his constitutional rights were violated in the course of prison disciplinary proceedings associated with a number of incident reports. He specifically alleges in the Application that he is challenging disciplinary proceedings that took place from 2006 to 2013. The record before the Court indicates that Mr. Mallett was charged with disciplinary violations in fifty-six separate incident reports during that period of time. (*See* ECF No. 10-1 at 31-54.)

Mr. Mallett asserts three claims for relief in the Application. He first claims that he was denied due process with respect to each disciplinary proceeding because he was not provided with a mental health evaluation as required by BOP policy prior to the disciplinary hearings. Mr. Mallett alleges in support of the due process claim that he is bipolar and that he suffers from post-traumatic stress disorder. He further alleges that he cannot be held responsible for prison disciplinary infractions because of his mental illnesses.

Mr. Mallett's second claim in the Application is an Eighth Amendment claim with two parts. The first part relates to the disciplinary proceedings and is similar to claim one. Mr. Mallett alleges that he was suffering from a manic episode on the date of each incident report and he contends that imposing disciplinary sanctions for these incidents is cruel and unusual punishment. Mr. Mallett alleges in the second part of claim two that prison officials have been deliberately indifferent to his serious mental health needs.

The second part of claim two is not an appropriate habeas corpus claim. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.* Mr. Mallett's Eighth Amendment claim premised on deliberate indifference to his serious mental health needs does not implicate the length of his confinement in any way. Therefore, the claim may not be raised in this habeas corpus action and will be dismissed without prejudice.

Finally, Mr. Mallett alleges in his third claim that his First Amendment rights have been violated because prison officials have interfered with his efforts to exhaust administrative remedies. The Court will address below Mr. Mallett's contention that prison officials have prevented him from exhausting administrative remedies for his constitutional claims challenging the validity of prison disciplinary proceedings. To the extent Mr. Mallett is asserting a separate and distinct claim for relief premised on an alleged violation of his First Amendment right to petition the government, the First Amendment claim, like the second part of claim two, may not be raised in this habeas corpus action because it does not implicate the length of his confinement in any way. Therefore, the First Amendment claim also will be dismissed without prejudice.

As noted above, Respondent argues that Mr. Mallett's constitutional claims

challenging the validity of his prison disciplinary convictions should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). "The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *see also Jones v. Davis*, 366 F. App'x 942, 944 (10th Cir. 2010).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Mallett. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15. With respect to prison disciplinary proceedings, exhaustion of the BOP administrative remedy procedure requires only that an inmate file regional and national appeals of the disciplinary decision. *See* 28 C.F.R. § 542.14(d)(2).

Respondent argues that the action should be dismissed for failure to exhaust administrative remedies because Mr. Mallett did not complete the available BOP administrative remedy procedure with respect to any of the disciplinary proceedings he

is challenging.  According to Respondent, Mr. Mallett has filed a total of 228 administrative remedy requests or appeals since entering BOP custody raising various issues, most of which are unrelated to the fifty-six incident reports since 2006 that Mr. Mallett challenges in the Application.  (*See* ECF No. 10-1 at 14-30.)  However, the documentation submitted by Respondent does indicate that Mr. Mallett filed a regional appeal in ten of the relevant disciplinary cases.  (*See* ECF No. 10-1 at 17, 23-24.)  The BOP administrative remedy identification numbers for the ten relevant regional appeals are the following: 486261-R1, 518992-R1, 518994-R1, 518996-R1, 647733-R1, 647747-R1, 647854-R1, 655120-R1, 655135-R1, 655138-R1.  (*See id.*)  Furthermore, of the ten cases in which a regional appeal was filed, Mr. Mallett also filed a national appeal in four cases.  (*See id.* at 17-18.)  The BOP administrative remedy identification numbers for the four relevant national appeals are the following: 486261-A1, 518992-A1, 518994-A1, 518996-A1.  (*See id.*)

The status codes for the four relevant national appeals indicate each of the appeals was rejected (*see id.*) although the specific reason each appeal was rejected is not apparent in the record.  According to Respondent, three of the national appeals were rejected as untimely based on the reject reason code "UTR".  (*See id.* at 7-8.)  However, the documentation provided by Respondent does not list the reject reason codes for each administrative remedy request or appeal that was rejected and Respondent fails to explain how the reject reason code "UTR", which relates to the rejection of a regional appeal (*see id.* at 60), supports their argument that Mr. Mallett's national appeals were untimely.  Nevertheless, the record before the Court demonstrates, and Mr. Mallett does not dispute, that the only national appeals he filed

5

relevant to the fifty-six incident reports he challenges in the Application were rejected for some procedural reason.  The Court bases this conclusion on the list of reject reasons provided by Respondent (*see id.* at 56-60), which demonstrates that a rejected administrative remedy response or appeal was not addressed on the merits.

Mr. Mallett does not contend that he actually completed the BOP administrative remedy program with respect to any of the disciplinary convictions he is challenging.  Instead, he argues that this action should not be dismissed for failure to exhaust because he has been prevented from exhausting administrative remedies.

Mr. Mallett is correct that an inmate is only required to exhaust those remedies that are available to him.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).  An administrative remedy is not available if prison officials hindered, thwarted, or prevented an inmate's attempts to exhaust that remedy.  *See Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (discussing exhaustion requirement under Prison Litigation Reform Act).  Therefore, the Court must ensure that "ensure that any defects in exhaustion were not procured from the action or inaction of prison officials."  *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  However, because a prison inmate bears the burden of demonstrating exhaustion of administrative remedies, the inmate also bears the burden of establishing that prison officials made an administrative remedy unavailable.  *See Tuckel*, 660 F.3d at 1254.  A prisoner may not exhaust "administrative remedies by, in essence, failing to employ them."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).  Furthermore, conclusory allegations that administrative remedies are not available are insufficient to excuse a failure to exhaust.  *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) (discussing futility exception to exhaustion

requirement).

Mr. Mallett maintains that prison officials have prevented him from exhausting administrative remedies because they have intercepted his legal mail and destroyed administrative remedy requests and appeals he has attempted to file. He specifically alleges "that over 70 administrative remedies have been removed from their file and my original copies [I] had in my cell inside legal envelop[e]s w[ere] opened and taken by staff during bogus (cell shakedowns)." (ECF No. 11 at 2.) He further alleges "that all members of my unit team who d[e]liver my admi[ni]strative remedies to the mail room have been suspended for falsif[y]ing documents, and also over 30 inmates have filed on the administration for opening and destroying legal documents." (*Id.* at 3.) Finally, Mr. Mallett contends that a review of videotape recordings from prison security cameras will reveal legal mail on his cell door within thirty days of each incident report if there is any doubt regarding whether he has exhausted administrative remedies.

Mr. Mallett's vague, conclusory, and unsubstantiated allegations that he has been prevented from exhausting administrative remedies are not sufficient to demonstrate the BOP's administrative remedy program is not available. *See Mackey*, 128 F. App'x at 677. The record before the Court demonstrates that Mr. Mallett has filed 228 administrative remedy requests or appeals since entering BOP custody and that some of those administrative remedy requests and appeals relate to disciplinary matters. There is no indication in the record before the Court that Mr. Mallett properly completed the BOP administrative remedy program with respect to any of the disciplinary convictions he is challenging in the Application and, despite being given an opportunity to do so, Mr. Mallett fails to demonstrate he was prevented from exhausting

administrative remedies with respect to any of those disciplinary convictions. Based on this record, the Court cannot conclude that Mr. Mallett has been prevented from filing administrative remedy requests and appeals. In short, Mr. Mallett fails to satisfy his burden of showing that the BOP administrative remedy procedure is not available. *See Tuckel*, 660 F.3d at 1254. Therefore, the Application will be denied for failure to exhaust administrative remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Applicant's Eighth Amendment claim premised on deliberate indifference to his serious mental health needs and his First Amendment claim are dismissed without prejudice because they may not be asserted in a habeas corpus action. It is

FURTHER ORDERED that Applicant's constitutional claims challenging the validity of prison disciplinary convictions are dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  15th  day of   November  , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court